# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JOHN and JANE DOE I, guardians *ad litem* for JOANN DOE I, a minor, individually and on behalf of those similarly situated, and JOHN and JANE DOE II, Guardians Ad Litem for JOANN DOE II, a minor, individually and on behalf of all those similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>JEREMIAH MAZO and CLARK COUNTY SCHOOL DISTRICT,<br><br>Defendants. | Case No. 2:16-cv-00239-APG-PAL<br><br>**ORDER DENYING DEFENDANTS' MOTION TO STRIKE**<br><br>ECF No. 10 |

On December 9, 2015, defendant Jeremiah Mazo pleaded guilty to three felony counts of attempted lewdness with a child, stemming from Mazo's sexual molestation of children enrolled in the Clark County School District between 2008 and 2015. ECF No. 1 at 3. The plaintiffs in this action are two minor children who were allegedly sexually abused by Mazo while students at Hayden Elementary School and their respective parents and guardians *ad litem*. The plaintiffs have brought numerous claims against both Mazo and CCSD, including violations of Title IX of the Education Amendments of 1972, 29 U.S.C. § 1681 *et seq.*, and state law claims for negligence, negligent hiring, retention and supervision, and duty to warn.

The plaintiffs bring this action on behalf of themselves and a class of similarly situated students, and they have included class allegations in the complaint. *See id.* at 5-6. The defendants have not filed an answer to the complaint and discovery has not begun. A month after the complaint was filed, the defendants filed their motion to strike the class allegations in the complaint pursuant to Federal Rules of Civil Procedure 12(f) and 23. ECF No. 10. They argue that a class action is an inappropriate method to address the highly individualized factual

scenarios that will give rise to each individual plaintiff's claim for relief in this case. They further contend that the plaintiffs do not, and will not, be able to satisfy Rule 23's requirements.

The plaintiffs respond that it is premature to decide the merits of any purported class certification before any discovery has been conducted and before they have filed a motion for class certification. They contend that motions to strike class allegations are normally disfavored at this early stage and that whether they are able to succeed on a motion for class certification should be decided after such a motion has been filed.

I agree with the plaintiffs that a decision on class certification would be premature at this stage. Therefore, I deny without prejudice the defendants' motion to strike the class allegations in the complaint.

## I. ANALYSIS

Federal Rule of Civil Procedure 12(f) provides that the court may strike from any pleading "any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "[T]he function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993) (citations omitted), *overruled on other grounds*, 510 U.S. 517 (1994). When ruling on a motion to strike, I take the plaintiffs' allegations as true and must liberally construe the complaint in the light most favorable to the plaintiffs. *Tietsworth v. Sears*, 720 F. Supp. 2d 1123, 1146 (N.D. Cal. 2010). Motions to strike are generally not granted unless it is clear that the matter sought to be stricken could have no possible bearing on the subject matter of the litigation. *See In re Wal-Mart Stores, Inc. Wage & Hour Litig.*, 505 F. Supp. 2d 609, 614 (N.D. Cal. 2007). Any doubt concerning the import of the allegations to be stricken weighs in favor of denying the motion to strike. *Id.*

Under Rules 12(f), 23(c)(1)(A), and 23(d)(1)(D), I have the authority to strike class allegations prior to discovery if the complaint demonstrates that a class action cannot be maintained. *Tietsworth*, 720 F. Supp. 2d at 1146. However, motions to strike are generally disfavored because a motion for class certification is considered to be a more appropriate vehicle

for arguments pertaining to the class allegations. *See Thorpe v. Abbott Lab., Inc.*, 534 F. Supp. 2d 1120, 1125 (N.D. Cal. 2008); *Kazemi v. Payless Shoesource Inc.*, No. C 09-5142-MHP, 2010 WL 963225, at *2 (N.D. Cal. 2010); *see also In re Wal-Mart Stores, Inc.*, 505 F. Supp. 2d at 614-615 ("Generally, courts review class allegations through a motion for class certification."). Nevertheless, the decision whether to strike allegations is a matter within the court's discretion. *See Biggins v. Wells Fargo & Co.*, 266 F.R.D. 399, 406 (N.D. Cal. 2009).

As with motions to strike, whether discovery will be permitted in a case of this nature lies within the district court's sound discretion. *Vinole v. Countrywide Home Loans, Inc.*, 571 F.3d 935, 942 (9th Cir. 2009) ("District courts have broad discretion to control the class certification process, and whether or not discovery will be permitted . . . lies within the sound discretion of the trial court." (citations and quotations omitted)). "In determining whether to grant discovery the court must consider its need, the time required, and the probability of discovery resolving any factual issue necessary for the determination. The propriety of a class action cannot be determined in some cases without discovery." *Kamm v. Cal. City Dev. Co.*, 509 F.2d 205, 209-210 (9th Cir. 1975); *see also Doninger v. Pac. Nw. Bell, Inc.*, 564 F.2d 1304, 1312-13 (9th Cir. 1977) ("It is clear that under some circumstances the failure to grant discovery before denying class treatment is reversible error.").

The "better and more advisable practice" for district courts on pre-certification discovery "is to afford the litigants an opportunity to present evidence as to whether a class action was maintainable. And, the necessary antecedent to the presentation of evidence is, in most cases, enough discovery to obtain the material, especially when the information is within the sole possession of the defendant." *Doninger, Inc.*, 564 F.2d at 1313; *see also Vinole*, 571 F.3d at 942 ("Our cases stand for the unremarkable proposition that often the pleadings alone will not resolve the question of class certification and that some discovery will be warranted."). Therefore, discovery is warranted where it will resolve factual issues necessary for the determination of whether the action may be maintained as a class action. *Kamm*, 509 F.2d at 210; *Vinole*, 571 F.3d at 942.

Discovery has not commenced in this action. In their opposition, the plaintiffs have outlined various questions they believe are common to all class plaintiffs, including whether CCSD had notice of Mazo's abusive conduct. ECF No. 13 at 15. Upon review of the complaint and the parties' briefings, the claims and allegations at issue in this case appear to be of a type that may not be suitable for class certification. Nevertheless, discovery has not commenced and CCSD may be in possession of evidence that might impact class certification. Therefore, it would be premature to decide the merits of any purported class before at least some discovery has been conducted. I consequently deny the defendants' motion to strike the class allegations without prejudice.

## II.  CONCLUSION

IT IS THEREFORE ORDERED that the defendants' motion to strike the class allegations in the complaint **(ECF No. 10) is DENIED** without prejudice.

DATED this 25th day of August, 2016.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE