MARK E. FERRARIO
Nevada Bar No. 1625
ferrariom@gtlaw.com
KARA B. HENDRICKS
Nevada Bar No. 7743
hendricksk@gtlaw.com
MOOREA L. KATZ
Nevada Bar No. 12007
katzmo@gtlaw.com
GREENBERG TRAURIG, LLP
3773 Howard Hughes Parkway, Suite 400 North
Las Vegas, Nevada 89169
Telephone: (702) 792-3773
Fax: (702) 792-9002

*Counsel for Defendant*
*Clark County School District*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JOHN and JANE DOE I, Guardians Ad Litem for JOANN DOE I, a minor, individually and on behalf of all those similarly situated, and JOHN and JANE DOE II, Guardians Ad Litem for JOANN DOE II, a minor, individually and on behalf of all those similarly situated;<br><br>Plaintiffs,<br>vs.<br><br>JEREMIAH MAZO; CLARK COUNTY SCHOOL DISTRICT; DOES 1 through 20; DOE 1 through 20; ROE CORPORATIONS 1 through 20;<br><br>Defendants. | Case No. 2:16-cv-00239<br><br>**STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER** |

Pursuant to the Stipulation contained herein by and among counsel for Plaintiffs JOHN and JANE DOE I, Guardians Ad Litem for JOANN DOE I, a minor, individually and on behalf of all those similarly situated, and JOHN and JANE DOE II, Guardians Ad Litem for JOANN DOE II, a minor, individually and on behalf of all those similarly situated (collectively "Plaintiffs"), and

1

*LV 420777092v1*

counsel for Defendant Clark County School District ("CCSD" or "Defendant"), the Court hereby finds as follows:

1. The "Litigation" shall mean the above-captioned case, JOHN and JANE DOE I, Guardians Ad Litem for JOANN DOE I, a minor, individually and on behalf of all those similarly situated, and JOHN and JANE DOE II, Guardians Ad Litem for JOANN DOE II, a minor, individually and on behalf of all those similarly situated; Plaintiffs, vs. JEREMIAH MAZO; CLARK COUNTY SCHOOL DISTRICT; DOES 1 through 20; DOE 1 through 20; ROE CORPORATIONS 1 through 20; Defendants filed in the United States District Court, District of Nevada Case No. 2:16-cv-00239-APG-PAL.

2. "Documents" or "Information" shall mean and include any documents (whether in hard copy or electronic form), records, correspondence, analyses, assessments, statements (financial or otherwise), responses to discovery, tangible articles or things, whether documentary or oral, and other information provided, served, disclosed, filed, or produced, whether voluntarily or through discovery or other means, in connection with this Litigation. A draft or non-identical copy is a separate document within the meaning of these terms.

3. "Party" (or "Parties") shall mean one party (or all parties) in this Litigation and their in-house and outside counsel. "Producing Party" shall mean any person or entity who provides, serves, discloses, files, or produces any Documents or Information. "Receiving Party" shall mean any person or entity who receives any such Documents or Information.

4. The privacy of students who are not parties to the Litigation is protected under federal law and as a school district that receives federal funding, CCSD is bound by the Family Educational Rights and Privacy Act ("FERPA") and is not at liberty to disclose personally identifying information of its students without written consent or court order. The Parties acknowledge that information that could reasonably likely to lead to admissible evidence in this Litigation could contain information that is protected by FERPA. In addition, personnel files of employees involved in an incident are confidential and private in nature, and as a result, must be limited and protected to protect the individuals' fundamental right to privacy guaranteed by the

GREENBERG TRAURIG, LLP
3773 Howard Hughes Parkway
Suite 400 North
Las Vegas, Nevada 89169
Telephone: (702) 792-3773
Facsimile: (702) 792-9002

LV 420777092v1

First, Third, Fourth, Fifth, and Ninth Amendments of the U.S. Constitution. *See, El Dorado Savings & Loan Assoc. v. Superior Court of Sacramento County*, 190 Cal. App. 3d 342 (1987). Accordingly, the Parties agree that, a Party may designate any Document, thing, material, testimony, or other Information derived therefrom as "CONFIDENTIAL" under the terms of this Confidentiality Agreement and Protective Order (hereinafter "Order") that shall not be provided or made available to third parties except as permitted by, and in accordance with, the provisions of this Order. Confidential Information includes any information contained in personnel files of CCSD employees and/or information that has not been made public and contains trade secret, proprietary and/or sensitive business or personal information, and/or any (personal) information about students that is protected by FERPA.

5. In addition, if any party requests documents or other evidence that are subject to FERPA, the Parties acknowledge that a Court Order requiring such a disclosure must first be obtained. If such a court order is granted, and disclosure of FERPA protected information is required, the Parties acknowledge FERPA protected information will be marked confidential pursuant to the Stipulated Confidentiality Agreement and Protective Order.

6. CONFIDENTIAL Documents shall be so designated by marking or stamping each page of the Document produced to or received from a Party with the legend "CONFIDENTIAL."

7. Testimony taken at a deposition may be designated as CONFIDENTIAL by any Party making a statement to that effect on the record at the deposition or within ten (10) business days of receipt of the transcript. Arrangements shall be made with the court reporter taking and transcribing such deposition to separately bind such portions of the transcript and deposition exhibits containing Information designated as CONFIDENTIAL, and to label such portions appropriately. Counsel for the Parties may also designate an entire deposition transcript as CONFIDENTIAL at the time of the deposition or within ten (10) business days of receipt of the transcript.

3

*LV 420777092v1*

8. CONFIDENTIAL Information shall be maintained in strict confidence by the Parties who receive such information, shall be used solely for the purposes of this Litigation, and shall not be disclosed to any person except:

(a) The United States District Court, District of Nevada, or any other court to which this matter may be transferred (the "Court"), so long as the party seeking to file a confidential document under seal complies with the Ninth Circuit's directives in *Kamakana v. City and County of Honolulu*, 447 F.3d 1172 (9th Cir. 2006) and the Court's electronic filing procedures set forth in Local Rule 10-5(b);

(b) In the event of an appeal, the United States Court of Appeals (the "Appellate Court") and/or the United States Supreme Court (the "Supreme Court"), so long as that document is filed under seal;

(c) The attorneys of record in this Litigation and their co-shareholders, co-directors, partners, employees, and associates who are assisting in the Litigation (collectively hereafter referred to as "Outside Counsel");

(d) A Party, or an officer, director, or employee of a Party or of a Party's affiliate, as long as any such person agrees to be bound by the terms and conditions of this Agreement, however, no copies should be;

(e) Subject to the terms of Paragraph 13 below, experts or consultants and their staff, retained by the Parties and/or Outside Counsel in this Litigation for the purposes of this Litigation;

(f) Any other person, only if the Receiving Party has given written notice to the Producing Party of an intent to disclose specified CONFIDENTIAL Information to said person, who shall be identified by name, address, phone number, and relationship, if any, to the Receiving Party, and the Producing Party has not provided a written objection to the disclosure within ten (10) business days of delivery of the notification. In the event of an objection, no disclosure shall be made pending the resolution of the objection. If the disclosure includes information that is protected by FERPA, the objection can only be resolved by stipulation of the parties or court order

**GREENBERG TRAURIG, LLP**
3773 Howard Hughes Parkway
Suite 400 North
Las Vegas, Nevada 89169
Telephone: (702) 792-3773
Facsimile: (702) 792-9002

which includes a provision allowing CCSD to provide no less than thirty (30) days' notice to the parents of the children that may be implicated in any disclosure. Before any person may receive Documents or Information pursuant to this subparagraph, he or she must comply with the requirements of Paragraph 13 below.

9. If a witness is providing or is provided CONFIDENTIAL Information during a deposition, counsel for the Producing Party may request that all persons other than the witness and persons entitled by this Order to have access to the CONFIDENTIAL Information leave the deposition room during that portion of the deposition other than the court reporter. Failure of any person to comply with such a request will constitute sufficient justification for the witness to refuse to answer the question, or for the Producing Party to demand that CONFIDENTIAL Information not be provided to the witness, pending resolution of the issue.

10. All designations of Information as CONFIDENTIAL by the Producing Party must be made in good faith.

11. A party may object to the designation of particular Information as CONFIDENTIAL by giving written notice to the party designating the disputed Information. The written notice shall identify the Information to which the objection is made. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the Information as CONFIDENTIAL to file an appropriate motion requesting that the Court determine whether the disputed Information should be subject to the terms of this Protective Order. If such a motion is filed within ten (10) business days after the date the parties fail to resolve the objection, the disputed Information shall be treated as CONFIDENTIAL under the terms of this Protective Order until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed time, the disputed Information shall lose its designation as CONFIDENTIAL and shall not thereafter be treated as CONFIDENTIAL in accordance with this Protective Order. In connection with a motion filed under this provision, the party designating the Information as CONFIDENTIAL shall bear the burden of establishing that good cause exists for the disputed Information to be treated as CONFIDENTIAL.

GREENBERG TRAURIG, LLP
3773 Howard Hughes Parkway
Suite 400 North
Las Vegas, Nevada 89169
Telephone: (702) 792-3773
Facsimile: (702) 792-9002

12. While protected by this Order, any Information designated CONFIDENTIAL shall be held in strict confidence by each person to whom it is disclosed; shall be used solely for the purposes of this Litigation; and shall not be used for any other purpose, including, without limitation, use in any other lawsuit. Documents and Information previously produced by the parties may be designated "Confidential" within 30 days after the date of this Order.

13. With respect to outside experts or other persons pursuant to Paragraph 8, to become an authorized expert or other person entitled to access to CONFIDENTIAL Information, the expert or other person must be provided with a copy of this Order and must sign a certification in the form attached as Exhibit A hereto acknowledging that he/she has carefully and completely read, understands, and agrees to be bound by this Order. The Party on whose behalf such a Certification is signed shall retain the original Certification.

14. Notwithstanding any other provision herein, nothing shall prevent a Party from revealing CONFIDENTIAL Information to a person who created or previously received (as an addressee or by way of copy) such Information.

15. The inadvertent production of any Information without it being properly marked or otherwise designated shall not be deemed to waive any claim of confidentiality with respect to such Information. If a Producing Party, through inadvertence, produces any CONFIDENTIAL Information without marking or designating it as such in accordance with the provisions of this Order, the Producing Party may, promptly on discovery, furnish a substitute copy properly marked along with written notice to all Parties (or written notice alone as to non-documentary Information) that such Information is deemed CONFIDENTIAL and should be treated as such in accordance with the provisions of this Order. Each receiving person must treat such Information as CONFIDENTIAL in accordance with the notice from the date such notice is received. Disclosure of such CONFIDENTIAL Information prior to the receipt of such notice shall not be deemed a violation of this Confidentiality Agreement. A Receiving Party who has disclosed such CONFIDENTIAL Information prior to the receipt of such notice shall take steps to cure such

GREENBERG TRAURIG, LLP
3773 Howard Hughes Parkway
Suite 400 North
Las Vegas, Nevada 89169
Telephone: (702) 792-3773
Facsimile: (702) 792-9002

*LV 420777092v1*

disclosure by requesting return of the original document and substituting it with the properly marked one.

16. A copy of this Order shall be shown to each attorney acting as counsel for a Party and to each person to whom CONFIDENTIAL Information will be disclosed.

17. Nothing in this Order shall be construed as an admission or agreement that any specific Information is or is not confidential, subject to discovery, relevant, or admissible in evidence in any future proceeding.

18. The Parties shall comply with the requirements of Local Rule 10-5(b), and the Ninth Circuit's decision in *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006), with respect to any documents filed under seal in this matter.

19. This Order shall not be construed to prevent any Party from making use of or disclosing Information that was lawfully obtained by a Party independent of discovery in this Litigation, whether or not such material is also obtained through discovery in this Litigation, or from using or disclosing its own CONFIDENTIAL Information as it deems appropriate.

20. If either Party becomes required by law, regulation, or order of a court or governmental entity to disclose any CONFIDENTIAL Information that has been produced to it under the terms of this Order, such Party will reasonably notify the other Parties, in writing, so that the original Producing Party has an opportunity to prevent or restrict such disclosure. The Party required to disclose any CONFIDENTIAL Information shall use reasonable efforts to maintain the confidentiality of such CONFIDENTIAL Information and shall cooperate with the Party that originally produced the Information in its efforts to obtain a protective order or other protection limiting disclosure; however, the Party required to disclose the Information shall not be required to seek a protective order or other protection against disclosure in lieu of, or in the absence of, efforts by the Producing Party to do so.

21. Upon termination of this Litigation, either by settlement or other action, any Party and its counsel that obtained CONFIDENTIAL Information through discovery shall, upon request, return all such CONFIDENTIAL Information to the Producing Party or certify as to its destruction.

*LV 420777092v1*

1  Counsel may retain CONFIDENTIAL Information solely for archival purposes. The restrictions of this Protective Order shall apply to Counsel for as long as they hold such archival Documents.

22.  The obligation to treat all Information designated as CONFIDENTIAL in accordance with the terms of this Order and not to disclose such CONFIDENTIAL Information shall survive any settlement or other termination of this Litigation.

23.  The inadvertent production of any Information during discovery in this action shall be without prejudice to any claim that such Information is subject to the attorney-client privilege or is protected from discovery as attorney work product. No Party shall be held to have waived any rights by such inadvertent production. Upon notification of inadvertent production, the receiving Party shall not use or divulge the contents of such Information unless subsequently agreed to by the Producing Party or permitted by the Court. Any such inadvertently produced Information shall be returned by the Receiving Party within three business days of any written request therefore. The Receiving Party retains the right to challenge the Information as not privileged or otherwise protected and discoverable.

24.  The Parties may seek modification of this Order by the Court at any time, by stipulation or for good cause.

**IT IS SO STIPULATED.**

Dated this 27th day of September, 2016.

Dated this 27th day of September, 2016.

GREENBERG TAURIG, LLP

*[signature]*

MARK E. FERRARIO (NV BAR 1625)
KARA B. HENDRICKS (NV BAR 7743)
Moorea L. Katz (NV Bar 12007)
3773 Howard Hughes Parkway
Suite 400 North
Las Vegas, Nevada 89169
*Attorneys for Defendant Clark County School District*

EGLET PRINCE

*[signature]*

ROBERT T. EGLET (NV BAR 3402)
AARON E. FORD (NV BAR 7704)
400 SOUTH SEVENTH ST., STE. 400
LAS VEGAS, NEVADA 89101
*Counsel for Plaintiffs*

8

LV 420777092v1

Dated this ___ day of September, 2016.

MUELLER HINDS & ASSOCIATES

_____
JOHN G. GEORGE (NV BAR 12380)
600 SOUTH EIGHTH ST.
LAS VEGAS, NEVADA 89101
*Counsel for Jerimiah Mazo*

### ORDER

**IT IS HEREBY ORDERED.**

DATED this 28th day of ___September___, 2016.

_____
UNITED STATES MAGISTRATE JUDGE

9

# **EXHIBIT A**

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JOHN and JANE DOE I, Guardians Ad Litem for JOANN DOE I, a minor, individually and on behalf of all those similarly situated, and JOHN and JANE DOE II, Guardians Ad Litem for JOANN DOE II, a minor, individually and on behalf of all those similarly situated;<br><br>        Plaintiffs,<br>vs.<br><br>JEREMIAH MAZO; CLARK COUNTY SCHOOL DISTRICT; DOES 1 through 20; DOE 1 through 20; ROE CORPORATIONS 1 through 20;<br><br>        Defendants. | Case No. 2:16-cv-00239 |

I have read the Protective Order in the above-captioned case. I understand the terms of the Order, I agree to be fully bound by the terms of the Order, and I hereby submit to the jurisdiction of the United States District Court for the District of Nevada for purposes of enforcement of the Order.

Date: _____          Signature: _____

Signatory's Name, Business Affiliation, and

Business Address:

_____

_____

_____

_____

10

*LV 420777092v1*

**GREENBERG TRAURIG, LLP**
3773 Howard Hughes Parkway
Suite 400 North
Las Vegas, Nevada 89169
Telephone: (702) 792-3773
Facsimile: (702) 792-9002