ROBERT T. EGLET, ESQ.
Nevada Bar No. 3402
ARTEMUS W. HAM, ESQ.
Nevada Bar No. 7001
RICHARD K. HY, ESQ.
Nevada Bar No. 12406
**EGLET PRINCE**
400 S. 7th Street, 4th Floor
Las Vegas, NV 89101
Tel.: (702) 450-5400
Fax: (702) 450-5451
E-Mail   eservice@egletwall.com
*Attorney for Plaintiffs*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| JOHN and JANE DOE I, Guardians Ad Litem for JOANN DOE I, a minor, individually and on behalf of all those similarly situated, and JOHN and JANE DOE II, Guardians Ad Litem for JOANN DOE II, a minor, individually and on behalf of all those similarly situated; | CASE No.: 2:16-cv-00239-APG-PAL |
| | **STIPULATION AND ORDER FOR FILING OF FIRST AMENDED COMPLAINT** |
| Plaintiffs, | |
| vs. | |
| JEREMIAH MAZO; CLARK COUNTY SCHOOL DISTRICT; DOES 1 though 20; DOE 1 through 20; ROE CORPORATIONS 1 through 20. | |
| Defendants. | |

IT IS HEREBY STIPULATED AND AGREED by and between undersigned counsel for Plaintiffs and undersigned counsel for Clark County School District (hereinafter "CCSD") that, pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, Plaintiffs may file a First Amended Complaint in the above-entitled action within five (5) days from entry of this Stipulation and Order.  Plaintiffs seek to amend their original complaint to include the Nevada State Education Association (hereinafter "NSEA") and the Clark County Education Association (hereinafter "CCEA") as named Defendants to this action. The deadline to amend pleadings is February 24, 2017; therefore, this stipulation is being entered prior to the due date for amended pleadings. Plaintiffs and existing Defendants agree to work with new

1  Defendants to allow for sufficient time for all discovery to be completed in an efficient and timely

2  manner. A proposed copy of the First Amended Complaint is attached hereto as Exhibit "1".

3        IT IS FURTHER HEREBY STIPULATED AND AGREED that the caption for this action shall

4  be amended to reflect the newly included parties, NSEA and CCEA. The caption shall be amended

5  effective immediately upon approval of this stipulation.

6

7  DATED this 22nd day of February, 2017.       DATED this 22nd day of February, 2017.

8  **EGLET PRINCE**       **COUNSEL FOR DEFENDANTS**

9  */s/Artemus W. Ham*       */s/ Kara B. Hendricks*
   ROBERT T. EGLET, ESQ.       **GREENBERG TRAURIG, LLP.**

10  Nevada Bar No. 3402       MARK E. FERRARIO, ESQ.
    ARTEMUS W. HAM, ESQ.       Nevada Bar No. 1625

11  Nevada Bar No. 7001       KARA B. HENDRICKS, ESQ.
    RICHARD K. HY, ESQ.       Nevada Bar No. 7743

12  Nevada Bar No. 7704       3773 Howard Hughes Parkway
    400 S. 7th Street, 4th Floor       Suite 400 North

13  Las Vegas, Nevada 89101       Las Vegas, Nevada 89169
    *Attorneys for Plaintiffs*       -and-

14        **HALL JAFFE & CLAYTON, LLP.**
          STEVEN T. JAFFE, ESQ.

15        Nevada Bar No. 7035
          7425 Peak Drive

16        Las Vegas, Nevada 89128
          *Attorneys for Defendant Clark County School*

17        *District*

18

19  DATED this 22nd day of February, 2017.

20  */s/ John George*
    JOHN GEORGE, ESQ.

21  600 South Eighth Street
    Las Vegas, NV 89101

22  *Attorney for Defendant Jeremiah Mazo*

23

24                  **ORDER**

25        **IT IS SO ORDERED.**

26        Dated this  28  day of February, 2017.

27  _____

28        UNITED STATES MAGISTRATE JUDGE

2

EXHIBIT 1

ROBERT T. EGLET, ESQ.
Nevada Bar No. 3402
ARTEMUS W. HAM, ESQ.
Nevada Bar No. 7001
RICHARD K. HY, ESQ.
Nevada Bar No. 12406
**EGLET PRINCE**
400 South Seventh St., Ste. 400
Las Vegas, NV 89101
Ph.      (702) 450-5400
Fax      (702) 450-5451
E-Mail   eservice@egletwall.com
*Attorney for Plaintiffs*

### IN THE UNITED STATES DISTRICT COURT

### FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| JOHN and JANE DOE I, Guardians Ad Litem for JOANN DOE I, a minor, individually and on behalf of all those similarly situated, and JOHN and JANE DOE II, Guardians Ad Litem for JOANN DOE II, a minor, individually and on behalf of all those similarly situated; <br><br> Plaintiffs, <br><br> vs. <br><br> JEREMIAH MAZO; CLARK COUNTY SCHOOL DISTRICT; NEVADA STATE EDUCATION ASSOCIATION; CLARK COUNTY EDUCATION ASSOCIATION; DOES 1 though 20; DOE 1 through 20; ROE CORPORATIONS 1 through 20. <br><br> Defendants. | **[PROPOSED] FIRST AMENDED CLASS ACTION COMPLAINT** <br><br> **DEMAND FOR JURY** |

Plaintiffs, JOHN and JANE DOE I, Guardians Ad Litem for JOANN DOE I, a minor, individually and on behalf of all those similarly situated, and JOHN and JANE DOE II, Guardians Ad Litem for JOANN DOE II, a minor, individually and on behalf of all those

similarly situated, by and through their attorneys, the law firm **EGLET PRINCE**, and for their causes of action against the Defendants, complain and allege as follows:

## JURISDICTION AND VENUE

1.     This Court has federal-question jurisdiction under 28 U.S.C. Section 1331 because the matters in controversy arise under a federal statute, 20 U.S.C. section 1681(a). This Court has supplemental jurisdiction over the state-law claims under 28 U.S.C. section 1367.

2.     Venue is proper in this Court under 28 U.S.C. section 1391(b) because a substantial part of the events that gave rise to Plaintiffs' claims took place within the Southern Division of the District of Nevada.

## GENERAL ALLEGATIONS

3.     That all at all times relevant hereto, Plaintiffs were residents of the County of Clark, State of Nevada.

4.     That Plaintiffs JOHN and JANE DOE I are residents of the County of Clark, State of Nevada, and parents of the minor, JOANN DOE I, age ten (10) who, at all relevant times, was a student at HAYDEN ELEMENTARY SCHOOL, which was located in the County of Clark, State of Nevada, and was part of the Clark County School District.

5.     That Plaintiffs JOHN and JANE DOE II are residents of the County of Clark, State of Nevada, and parents of the minor, JOANN DOE II, age nine  (9) who, at all relevant times, was a student at HAYDEN ELEMENTARY SCHOOL, which was located in the County of Clark, State of Nevada, and was part of the Clark County School District.

6.     That Defendant, CLARK COUNTY SCHOOL DISTRICT ("District") is a government entity, which owns or operates HAYDEN ELEMENTARY SCHOOL.

2

7.      That at all times relevant hereto, Defendant NEVADA STATE EDUCATION ASSOCIATION ("NSEA") is a Nevada non-profit cooperative operating in the County of Clark, State of Nevada.

8.      That at all times relevant hereto, Defendant CLARK COUNTY EDUCATION ASSOCIATION ("CCEA") is a Nevada non-profit cooperative operating in the County of Clark, State of Nevada.

9.      Upon information and belief and at all times relevant hereto, NSEA represents CCEA at the state level as well as Nevada teachers and education support professionals at the local level, including but without limitation teachers in the County of Clark, State of Nevada.

10.     That on or around July 1, 2005 and effective at all times relevant to this Complaint, the District and CCEA entered into a Professional Negotiation Agreement ("Agreement") recognizing and declaring that "providing the highest standards of education for the children of the District is their mutual aim and that the character of such education depends predominantly upon the quality and morale of the teaching staff."  The Agreement further provides specific terms in achieving said goals that include without limitation the following:

a.   That CCEA is authorized as the "exclusive representative of all licensed personnel employed or to be employed" by the District;

b.   That membership dues are automatically deducted from the salaries of employees, including but not limited to teachers of the District, and are paid to CCEA; and

c.   That in the event civil or criminal proceedings are instituted against a teacher and the teacher is "cleared of said charge", the District and CCEA negotiated and agreed that "all written reports, comments, or reprimands concerning actions which the courts found not to have occurred, shall be removed from the teacher's personnel file."

3

11.    That Defendant JEREMIAH MAZO ("Mazo") was, at all relevant times, a resident of the County of Clark, State of Nevada, and was a teacher acting under the color of law and employee of the District, working as a music teacher at HAYDEN ELEMENTARY SCHOOL, and other District schools, until he was arrested on April 24, 2015 for sexual misconduct involving elementary school students. Doe Defendants 1-10 are or were officials, supervisors, administrators and/or in a supervisory or management position at the District who had authority to address the discrimination, harassment, abuse and/or molestation alleged herein and, moreover, had authority to institute corrective measures on the District's behalf. At all relevant times, Does 1-10 were residents of Clark County, State of Nevada, and acting under the color of law and employees of the District.

12.    Doe Defendants 11-20 are or were District personnel subject to training by officials, supervisors, administrators and/or in a supervisory or management position at the District, including but not limited to Doe Defendants 1-10. Does 11-20 also had authority to address the discrimination, harassment, abuse and/or molestation alleged herein and, moreover, had authority to institute corrective measures on the District's behalf. At all relevant times, Does 11-20 were residents of Clark County, State of Nevada, and acting under the color of law and employees of the District.

13.    That on or about December 9, 2015, MAZO plead guilty in the Eighth Judicial District Court to three felony counts of attempted lewdness with a child, and he has been sentenced to five (5) to twenty (20) years per count, with the sentences to run consecutively. The charges and conviction stemmed from the fact that between 2008 and April 2015, Mazo sexually molested children who were students enrolled in the District, including, but not limited to, JOANN DOE I and JOANN DOE II, who were students at HAYDEN ELEMENTARY SCHOOL.

4

14. Previously, in 2008, while Mazo was a teacher with the District, teaching at SIMMONS ELEMENTARY SCHOOL, he was arrested and charged with sexually molesting students. Upon information and belief, NSEA and CCEA provided assistance to Mazo which ultimately facilitated dismissal of the criminal charges. After the criminal charges were dismissed, Defendants, acting in concert, not only abandoned the administrative proceedings against Mazo, but agreed to allow for his immediate reinstatement to unsupervised and unmonitored teaching duties at a different school within the District while at the same time ensuring that any and all reference to the 2008 allegations would be kept highly confidential and removed from Mazo's personnel file. In so doing, Defendants sought to provide "the highest standards of education for the children of the District" and to preserve "the quality and morale of the teaching staff." Instead of terminating his employment or, at a minimum, establishing policies, procedures or parameters to ensure that Mazo would not molest students, the District transferred Mazo to another school and continued to employ him, allowing him to teach young school children at other District schools, including but not limited to, HAYDEN ELEMENTARY SCHOOL.

15. Upon information and belief and at all times relevant thereto, information relating to Mazo's arrest and sexual molestation charges in 2008 while at SIMMONS ELEMENTARY SCHOOL were removed from his personnel file consistent with the terms of the Agreement negotiated by and between the District and CCEA.

16. That while a teacher at HAYDEN ELEMENTARY SCHOOL, from August 2012 through April, 2015, MAZO would ask JOANN DOE I to sit with him behind his desk, and, after the other students had been dismissed from his music class, he would touch her buttocks, and he would rub her private parts, both under her trousers as well as over her clothing.

5

17.    That as a result of the conduct of the Defendants and each of them, JOANN DOE I objected to going to school, threw temper tantrums in the mornings to avoid going to school, and currently she says that she does not want to have any children because she fears someone will do the same thing to her children that Defendant Mazo did to her.

18.    That while a teacher at HAYDEN ELEMENTARY SCHOOL, between August 2014 and April 2015, after music class had concluded, and the other students had left the classroom, MAZO would ask JOANN DOE II to stay with him and to sit on his lap, whereupon, he would touch her buttocks, and on eight (8) to ten (10) occasions, he would rub her private parts.

19.    That during the period of time she was being sexually abused by MAZO, JOANN DOE II did not want to go to school, refused to do her household chores, fought with her parents and her brother, and could not fall asleep at night.  If her mother patted her on the bottom, JOANN DOE II would become very angry, and JOANN DOE II was always upset on Wednesdays, which were the days she had music class with MAZO. Defendant MAZO told JOANN DOE II she would be transferred to a different school if she told anyone about what he was doing to her.

20.    That as a result of Mazo's statements, JOANN DOE II was afraid to tell anyone about the abuse she suffered at his hands, and after MAZO was arrested on April 24, 2015, she was afraid to go to school because she thought other students would blame her for having MAZO arrested.

21.    That Jurisdiction is conferred upon this court in accordance with Title IX of the Education Amendments of 1972, 20 U.S.C. Sec. 1681 (a).

22.    That the District's policies, and implementation thereof, have failed to discourage teachers from engaging in sexual relations and/or improper sexual contact with students.

6

Additionally, the District has intentionally and/or negligently failed to establish, facilitate and inform students about, or train them how to use, a confidential complaint program that would give students a venue for action.

23.     That as a result of the Agreement negotiated by and between the District and CCEA, it was foreseeable that incidents of sexual relations with minors and/or improper sexual contact with students could have been prevented, including but not limited to incidents that occurred at HAYDEN ELEMENTARY SCHOOL involving Plaintiffs JOANN DOE I, JOANN DOE II, and other putative class members.

24.     That Doe Defendants 1-20 failed to effectively and sufficiently exercise their authority and/or training to address the discrimination, harassment, abuse and/or molestation alleged herein and institute corrective measures on the District's behalf, even though it was reasonably foreseeable under the facts and circumstances of this case that Mazo would discriminate, harass, abuse and/or molest Plaintiffs, and others similarly situated, in light of the nature and scope of his employment.

25.     That as a result of the Defendants' and each of their acts, JOANN DOE I and JOANN DOE II were placed in great apprehension of offensive contact, assault, battery, sexual seduction, sexual assault, sexual harassment, rape and emotional distress.

26.     That Plaintiffs have been forced to retain the services of an attorney to prosecute this action, and are, therefore, entitled to an award of reasonable attorneys fees, costs of suit incurred, and punitive damages.

## CLASS ACTION ALLEGATIONS

27.     That Plaintiffs bring this action individually and on behalf of the Class hereinafter referred to as "Plaintiffs' Class," consisting of all students enrolled in the District who were battered, assaulted, sexually assaulted, harassed, sexually harassed, molested, and/or improperly

7

touched by Defendant MAZO. Plaintiffs' Class seeks a judgment that Defendants are responsible to each member of the class for the various negligent, intentional, malicious, reckless and wrongful acts as alleged herein.

28.     That the members of Plaintiffs' Class are so numerous as to render joinder impracticable.   Upon information and belief, there were/are over 30 students who attended HAYDEN ELEMENTARY SCHOOL during the six years Defendant MAZO was a teacher there, and who may have been harmed/victimized by the Defendants and each of them. The questions of law and fact common to the Plaintiffs' Class include that each class member has suffered similar injuries and damages (e.g., improper sexual contact which resulted in physical and mental pain, emotional distress, anxiety, suffering, humiliation and embarrassment due to Defendant MAZO's improper/criminal conduct), and the failure of the Defendants to warn students and their parents about MAZO's history; the failure of Defendants to protect students from MAZO; the failure of Defendants to  provide a safe premises for children attending the District schools; and the failure of Defendants to create and educate on an effective confidential complaint avenue by which students could inform the District employees, NSEA members, and/or CCEA members of their fears, suspicions, and injuries concerning Defendant MAZO.

29.     That the named Representatives of Plaintiffs' Class are adequate representatives of the class and possible respective subclass.  The violations alleged by Plaintiffs' Class stem from the same course of conduct by Defendants on which Plaintiffs' Class will rely.  In addition, the harm suffered by the Representatives of Plaintiffs' Class is typical of the harm suffered by the proposed Plaintiffs' Class.

30.     The named Plaintiffs' Class Representatives, have the requisite personal interest in the outcome of this action and will fairly and adequately protect the interests of the putative class. The law firm of Eglet Prince represents Plaintiffs' Class Representatives. This law firm

8

has the resources, expertise and experience to prosecute this action. Eglet Prince's members do not have knowledge of any conflicts among the members of Plaintiffs' Class, or any conflicts between the class and Eglet Prince.

31.     That the class action is superior to other available methods for the fair and efficient adjudication of this controversy because: (a) the prosecution of a multitude of separate actions would be inefficient and wasteful of judicial resources; (b) the members of the class may be scattered throughout Nevada and are not likely to be able to vindicate and enforce their rights unless this actions is maintained as a class action; (c) the issues raised can be more fairly and efficiently resolved in the context of a single action rather than piece-meal litigation in the context of separate actions; (d) the resolution of litigation in a single forum will avoid the danger and resultant confusion of possible inconsistent determinations; (e) the prosecution of separate actions would create the risk of inconsistent or varying adjudications with respect to individuals pursuing claims against Defendants, which would establish incompatible standards of conducts for Defendants; (f) Defendants have acted and will act on grounds applicable to all class members, making final declaratory and injunctive relief on behalf of all members necessary and appropriate; and (g) questions of law and/or fact common to members of the class, especially on issues of liability, predominate over any question, such as that of individuals damages that will affect individual class members.

32.     That upon knowledge and belief, nearly every one of the proposed Plaintiffs' Class members are residents of Nevada, the principal injuries alleged in this action occurred in Nevada and the Defendants are all residents of the County of Clark, State of Nevada, or are doing business in the County of Clark, State of Nevada.

9

# FIRST CLAIM FOR RELIEF

*(Violation of 20 U.S.C. Sec. 1681 et. seq. against Clark County School District, Nevada State Education Association, and Clark County Education Association)*

33.     That Plaintiffs incorporate by this reference each and every allegation previously made in this Complaint, as if fully set forth herein.

34.     That in committing the acts alleged above, Defendants, each of them, violated Title IX of the Educational Amendments of 1972, which denied Plaintiffs and those similarly situated the benefits of, and subjected them to discrimination, harassment and abuse under, an educational program or activity that received federal financial assistance.

35.     That Defendants' conduct constituted deliberate indifference to actual knowledge of a substantial risk of abuse and harassment to Plaintiffs and those similarly situated. Such abuse and harassment was pervasive, severe and objectively offensive and created a hostile climate based on sex.

36.     That as a direct and proximate result of Defendants' foregoing wrongful conduct, Plaintiffs and those similarly situated have suffered damages, extreme physical and emotional distress and harm. Further, Defendants' conduct deprived Plaintiffs and those similarly situated of access to the educational opportunities and benefits of the District, in violation of Title IX.

37.     That the aforementioned acts were conducted in a wanton, willful, malicious manner, with conscious disregard for Plaintiffs' rights and the rights of those similarly situated. The acts of Defendants and each of them should be assessed punitive or exemplary damages.

38.     That Plaintiffs and those similarly situated have been forced to retain the services of an attorney to represent them in this action, and as such are entitled to reasonable attorneys fees and litigation costs.

**SECOND CLAIM FOR RELIEF**

*(Assault/Battery Against Defendant Mazo)*

39.     That Plaintiffs incorporate by this reference each and every allegation previously made in this Complaint, as if fully set forth herein.

40.     That in committing the acts alleged above, Defendant MAZO acted with the intent to make unwanted contact with Plaintiffs' persons and the persons of those similarly situated.

41.     That as a result of the foregoing wrongful conduct, Plaintiffs and those similarly situated have suffered damages, great physical and mental harm, mental anxiety, embarrassment, humiliation, grief, sorrow, and depression.

42.     That the acts of Defendant MAZO were willful, wanton, malicious, oppressive and should be assessed punitive or exemplary damages.

43.     That Plaintiffs and those similarly situated have been forced to retain the services of an attorney and to represent them in this action, and as such are entitled to reasonable attorneys fees and litigation costs.

**THIRD CLAIM FOR RELIEF**

*(Sexual Assault Against Defendant Mazo)*

44.     That Plaintiffs incorporate by this reference each and every allegation previously made in this Complaint, as if fully set forth herein.

45.     That in committing the acts alleged above, Defendant JEREMIAH MAZO acted with intent to commit sexual assault on Plaintiffs' persons and the persons of those similarly situated.

46.     That Defendant MAZO knew, or should have known that JOANN DOE I and JOANN DOE II, and those similarly situated, were mentally or physically incapable of resisting or understanding the nature of Defendant MAZO's conduct.

47.     That as a result of the foregoing wrongful conduct, Plaintiffs and those similarly situated have suffered damages, great physical and mental harm, mental anxiety, embarrassment, humiliation, grief, sorrow and depression.

48.     That the acts of Defendant MAZO were willful, wanton, malicious, oppressive and Defendants should be assessed punitive or exemplary damages.

49.     That Plaintiffs and those similarly situated have been forced to retain the services of an attorney and to represent them in this action, and as such are entitled to reasonable attorneys fees and litigation costs.

## FOURTH CLAIM FOR RELIEF

*(Negligence Against Defendant Mazo, the Clark County School District, Nevada State Education Association, Clark County Education Association, and Doe Defendants)*

50.     That Plaintiffs incorporate by this reference each and every allegation previously made in this Complaint, as if fully set forth herein.

51.     That at all times herein mentioned, Defendants knew, or in the exercise of reasonable care, should have known that Defendant MAZO's sexual conduct/relations with his students were egregious, constituting a danger and a hazard to Plaintiffs and those similarly situated, but Defendants carelessly and negligently failed to take reasonable precautions to prevent the above described assault, battery and sexual assault upon Plaintiffs.

52.     Based on Defendant Mazo's history, and considering the nature and scope of his employment, it was reasonably foreseeable to the District, NSEA, CCEA, and/or Doe

12

Defendants 1-20, under the facts and circumstances of this case, that Mazo would sexually abuse, harass and/or molest Plaintiffs.

53.     That Defendants negligently and or carelessly operated, managed, and controlled the District schools, including but not limited to, HAYDEN ELEMENTARY SCHOOL, which resulted in Defendant MAZO's access to Plaintiffs and those similarly situated, enabling him to attack, sexually assault, and batter Plaintiffs and those similarly situated, thereby proximately causing injuries and damages to Plaintiffs and those similarly situated, as alleged hereinabove.

54.     That the aforementioned acts were conducted in a wanton, willful, malicious manner, with conscious disregard for Plaintiffs' rights and the rights of those similarly situated. The acts of Defendants and each of them should be assessed punitive or exemplary damages.

**55.**     That Plaintiffs and those similarly situated have been forced to retain the services of an attorney to represent them in this action, and as such are entitled to reasonable attorneys fees and litigation costs.

## FIFTH CLAIM FOR RELIEF

### (Negligent Hiring, Retention, Supervision Against the Clark County School District, Nevada State Education Association, Clark County Education Association, and Doe Defendants)

56.     That Plaintiffs incorporate by this reference each and every allegation previously made in this Complaint, as if fully set forth herein.

57.     That the District, NSEA, CCEA, and/or Defendants 1-10 were responsible for the hiring, training, retaining, supervision, and control of employee(s), including Defendant MAZO and other Doe Defendant 11-20, and as a direct and proximate result of aforementioned Defendants' negligence in hiring, training, supervising, and controlling employee(s), including Defendant MAZO and Doe Defendants 11-20, Plaintiffs and those similarly situated suffered injuries and damages as herein alleged.

13

58.     Based on Defendant Mazo's history, and considering the nature and scope of his employment, it was reasonably foreseeable to the District, NSEA, CCEA, and/or and Doe Defendants 1-20 under the facts and circumstances of this case, that Mazo would sexually abuse, harass and/or molest Plaintiffs.

59.     That the District, NSEA, CCEA, and/or Doe Defendants 1-10 have failed to adopt and administer adequate procedures to protect students from sexual abuse. The District and Doe Defendants 1-20 failed to adequately evaluate, investigate and remedy factual indications and reports, which suggested Defendant MAZO would abuse Plaintiffs and those similarly situated.

60.     That the District, NSEA, CCEA, and/or Defendants 1-10 failed to adequately train District personnel, including but limited to Doe Defendants 11-20, in recognizing and evaluating potential or actual child harassers and abusers.

61.     That the District, NSEA, CCEA, and/or Defendants 1-20 failed to use reasonable care to protect students from sexual abuse by District personnel, by retaining Defendant Mazo as an employee and/or by allowing him to come into contact with students.

62.     That as a result of the foregoing wrongful conduct, Plaintiffs and those similarly situated have suffered damages, great physical and mental harm, mental anxiety, embarrassment, humiliation, grief, sorrow, and depression.

63.     That as a direct and proximate result of the actions of the District, NSEA, CCEA, and/or Doe Defendants 1-10 and their failure to exercise reasonable care in the hiring, training, retention and supervision of employee(s), Plaintiffs and those similarly situated suffered the damages and injuries as alleged herein.

64.     That the aforementioned acts were conducted in a wanton, willful, malicious manner, with conscious disregard for Plaintiffs' rights and the rights of those similarly situated. The acts of Defendants and each of them should be assessed punitive or exemplary damages.

14

65.     That Plaintiffs have been forced to retain the services of an attorney to represent them in this action, and as such are entitled to reasonable attorneys fees and litigation costs.

## SIXTH CLAIM FOR RELIEF

### (Duty to Warn Against Defendant Mazo, the Clark County School District, Nevada State Education Association, Clark County Education Association, and Doe Defendants)

66.     That Plaintiffs incorporate by this reference each and every allegation previously made in this Complaint, as if fully set forth herein.

67.     That Defendants and each of them, had a duty to exercise care in keeping the premises and approaches safe, and had a duty to warn of past and present risks on or upon the premises, reasonably likely to inflict harm on Plaintiffs and those similarly situated.

68.     That Defendants breached their duty to Plaintiffs and those similarly situated by failing to warn of prior actions of Defendant MAZO.

69.     That Defendants' failure to warn Plaintiffs and those similarly situated of the risk of attending HAYDEN ELEMENTARY SCHOOL and each of their breaches of duty to warn, directly and proximately caused injury to Plaintiffs.

70.     That the aforementioned acts were conducted in a wanton, willful, malicious manner, with conscious disregard for Plaintiffs' rights and the rights of those similarly situated. The acts of Defendants and each of them should be assessed punitive or exemplary damages.

71.     That Plaintiffs and those similarly situated have been forced to retain the services of an attorney to represent them in this action, and as such are entitled to reasonable attorneys fees and litigation costs.

### SEVENTH CLAIM FOR RELIEF

*(Negligent Infliction of Emotional Distress*
*Against Defendant Mazo, Clark County School District, Nevada State Education Association,*
*Clark County Education Association, and Doe Defendants)*

72.     That Plaintiffs incorporate by this reference each and every allegation previously made in this Complaint, as if fully set forth herein.

73.     That the actions of Defendants as described herein, constitute negligent infliction of emotional distress and the Plaintiffs and those similarly situated have suffered emotional distress as a direct and proximate result of the actions described hereinabove.

74.     Based on Defendant Mazo's history, and considering the nature and scope of his employment, it was reasonably foreseeable to the District, NSEA, CCEA, and/or Doe Defendants 1-20, under the facts and circumstances of this case, that Mazo would sexually abuse, harass and/or molest Plaintiffs.

75.     That as a result of the negligent infliction of emotional distress identified hereinabove, Plaintiffs and those similarly situated have been directly and proximately damaged.

76.     That the aforementioned acts were conducted in a wanton, willful, malicious manner, with conscious disregard for Plaintiffs' rights and the rights of those similarly situated. The acts of Defendants and each of them should be assessed punitive or exemplary damages.

77.     That Plaintiffs and those similarly situated have been forced to retain the services of an attorney and to represent them in this action, and as such are entitled to reasonable attorneys fees and litigation costs.

## EIGHTH CLAIM FOR RELIEF

*(Intentional Infliction of Emotional Distress*
*Against Defendant Mazo, the Clark County School District, Nevada State Education*
*Association, Clark County Education Association, and Doe Defendants)*

78.     That Plaintiffs incorporate by this reference each and every allegation previously made in this Complaint, as if fully set forth herein.

79.     That the acts of, and/or failure to act by, all Defendants, as described herein, were outrageous, and intended to, or were in conscience disregard of the likelihood that the acts would, traumatize Plaintiffs and those similarly situated. Plaintiffs' sexual assault/molestation/battery, and the sexual assault/molestation/battery of those similarly situated, and the resulting physical and mental pain and suffering, humiliation and embarrassment caused them emotional distress.

80.     Based on Defendant Mazo's history, and considering the nature and scope of his employment, it was reasonably foreseeable to the District, NSEA, CCEA and/or Doe Defendants 1-20, under the facts and circumstances of this case, that Mazo would sexually abuse, harass and/or molest Plaintiffs.

81.     That as a result of the acts of intentional emotional distress identified hereinabove, Plaintiffs and those similarly situated have been directly and proximately damaged.

82.     That the aforementioned acts were conducted in a wanton, willful, malicious manner, with conscious disregard for Plaintiffs' rights and the rights of those similarly situated. The acts of Defendants and each of them should be assessed punitive or exemplary damages.

83.     That Plaintiffs and those similarly situated have been forced to retain the services of an attorney to represent them in this action, and as such are entitled to reasonable attorneys fees and litigation costs.

17

## NINTH CLAIM FOR RELIEF

*(Vicarious Liability against the Clark County School District, Nevada State Education Association, and Clark County Education Association)*

84.     That Plaintiffs incorporate by this reference each and every allegation previously made in this Complaint, as if fully set forth herein.

85.     That employers, masters and principals are vicariously liable for the torts committed by their employees, servants and agents if the tort occurs while the employee, servant or agent was acting in the course and scope of employment.

86.     That the Defendants were the employers, masters and principals of each other, the remaining Defendants, and other employees, agents, independent contractors and/or representatives who negligently failed to maintain a safe and hazard-free school for children, including the Plaintiffs and those similarly situated.

87.     Based on Defendant Mazo's history, and considering the nature and scope of his employment, it was reasonably foreseeable to the District, NSEA, CCEA, and/or Doe Defendants 1-20, under the facts and circumstances of this case, that Mazo would sexually abuse, harass and/or molest Plaintiffs.

88.     That as a direct and proximate result, Plaintiffs and those similarly situated have been damaged, as stated hereinabove, all to Plaintiffs' general damages.

89.     That as a further direct and proximate result of Defendants' negligence, recklessness, deliberate indifference, and failure to use due care, Plaintiffs and those similarly situated suffered intense physical, mental, and emotional pain, shock, humiliation, and embarrassment, all to their damage.

18

90.     That the aforementioned acts were conducted in a wanton, willful, malicious manner, with conscious disregard for Plaintiffs' rights and the rights of those similarly situated. The acts of Defendants and each of them should be assessed punitive or exemplary damages.

91.     That Plaintiffs and those similarly situated have been forced to retain the services of an attorney and to represent them in this action, and as such are entitled to reasonable attorneys fees and litigation costs.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs and those similarly situated pray for relief and damages as follows:

A.     That Plaintiffs and the Plaintiffs' Class be awarded general and special damages;

B.     That Plaintiffs and the Plaintiffs' Class be awarded punitive damages;

C.     That Plaintiffs and the Plaintiffs' Class be awarded reasonable attorney's fees;

D.     That Plaintiffs and the Plaintiffs' Class be awarded their costs of court;

E.     That Plaintiffs and the Plaintiffs' Class be awarded delay damages and/or Prejudgment and post-judgment interest.

F.     Plaintiffs and the Plaintiffs' Class be awarded any other relief as the Court may deem proper.

///
///
///
///

19

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## DEMAND FOR JURY TRIAL

Plaintiffs and the Plaintiffs' Class hereby demand a trial by jury for all issues so triable.

DATED this 17th day of February, 2017.

Respectfully submitted,

**EGLET PRINCE**

/s/ Robert T. Eglet
By: _____
ROBERT T. EGLET, ESQ.
ARTEMUS W. HAM, ESQ.
RICHARD K. HY, ESQ.
400 South Seventh Street, Box 1, Suite 400
Las Vegas, Nevada 89101